FILED
2005 Nov-28 PM 05:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **MAHMOUD (DAVID) DELDAR,** | ) | |
| **EDWARD BASS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CASE NO.: CV-05-1856-VEH** |
| **v.** | ) | |
| | ) | |
| **CITY OF DECATUR, ALABAMA,** | ) | |
| **DECATUR CITY COUNCIL** | ) | |
| **BILLY JACKSON, DAVID BOLDING** | ) | |
| **RONNY RUSSELL** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants' City of Decatur, et al., Motion to Dismiss Based on Res Judicata (doc. 28). The Plaintiffs, Deldar and Bass, filed a response to this motion on October 31, 2005 (doc. 29). This matter has been briefed extensively.

**Facts**[1]

Deldar is the owner and operator of the "Corner Express" convenience store,

[1]The facts considered in this memorandum opinion are drawn from Deldar's and Bass's First Amended Complaint (doc. 5). The court notes that the facts presented in the First Amended Complaint (doc. 5) are identical to those posited by Deldar and Bass in the original complaint filed with the U.S. District Court for the Northern District of Alabama (doc. 1) and by Deldar in the complaint filed with the Circuit Court for Morgan County, Alabama, on August 29, 2005.

Greyhound Bus Stop, and gasoline station located at 1409 Moulton Street in Decatur, Alabama. Deldar began operating the bus stop in May 2002. Because of its current zoning status as B-1 Local Business, the Corner Express is not permitted to house a bus stop. To allow for the continued operation of the bus stop, Deldar sought to have his property rezoned to a B-2 General Business classification. On April 12, 2005, the Decatur City Planning Commission approved the rezoning of the Corner Express to B-2 General Business and, pursuant to procedures, forwarded the rezoning request to the Decatur City Council for a public hearing and a final administrative decision. Following the rescheduling of two public hearings, the Decatur City Council held a public hearing for Deldar's rezoning request and denied the request on August 1, 2005.

Plaintiff Edward Bass is a disabled veteran and customer of the Corner Express who employs the services of Greyhound through Deldar in order to travel to the Veteran's Administration Hospital in Birmingham, Alabama, for medical evaluations and treatment.

Deldar and Bass assert that the President of the Decatur City Council, Billy Jackson, is negatively biased as to the rezoning of the Corner Express and that he manipulated the date of the hearing and the manner in which the proceedings were conducted in a way that ultimately denied Deldar a meaningful opportunity to be

heard and resulted in the denial of Deldar's rezoning application. Jackson presided over the public hearing held before the Decatur City Council but did not participate in the vote concerning Deldar's rezoning request.

**Procedural History**

On August 29, 2005, Deldar filed a lawsuit in the Circuit Court for Morgan County, Alabama. Deldar sought a temporary restraining order directing the City of Decatur and the other Defendants in that action to permit Deldar to continue operating the Greyhound bus stop on his premises in violation of a local zoning ordinance. At 12:13 p.m. on August 31, 2005, the state court entered an order denying Deldar's motion for a temporary restraining order and preliminary injunction. The action pending in the Circuit Court of Morgan County, Alabama, was dismissed with prejudice on October 13, 2005.

At 5:22 p.m. on August 31, 2005, Deldar filed a nearly identical lawsuit to the suit then pending in state court and filed a motion for a temporary restraining order with the United States District Court for the Northern District of Alabama (docs. 1, 2). The undersigned denied Deldar's motion for a temporary restraining order within hours of its receipt (doc. 3). Deldar filed a First Amended Complaint adding Edward Bass as a plaintiff to this action and contemporaneously filed a motion for reconsideration of the court's order denying the motion for a temporary restraining

order (docs. 5, 6).[2] There are no defendants present in the action pending before this court who were not named in the lawsuit filed by Deldar in state court.

The court denied Deldar's and Bass's motion for reconsideration (doc. 8). On October 14, 2005, the undersigned ordered the Defendants to update the court on the status of the state court action (doc. 27). In response to that Order, the Defendants submitted a notice that the state court action had been dismissed with prejudice and filed the present motion to dismiss based on res judicata (doc. 28).

**Analysis**

"In determining whether a judgment from Alabama will have preclusive effect in an action pending in another state or federal court, the other court must apply the res judicata and collateral estoppel rules of Alabama." *Families Concerned About Nerve Gas Incineration v. U.S. Dept. of Army*, 380 F.Supp.2d 1233, 1259 (N.D.Ala.2005)(citing *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 520, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)). See also *Wood v. Kesler*, 323 F.3d 872, 879-880 (11th Cir. 2003)(when a federal court is determining what preclusive weight to apportion to a state judgment the court applies the law of the state that rendered the

---

[2]Bass does not join in all of the claims asserted by Deldar in the First Amended Complaint. Deldar and Bass assert identical state law claims (Counts 5-10) and Bass contends that the denial of Deldar's rezoning request violated Bass's right to travel under the Fourth Amendment to the U.S. Constitution and under 42 U.S.C. § 1983 (Count 4). All other claims found within the First Amended Complaint (doc. 5) are asserted by Deldar alone.

judgment). "The doctrine of res judicata prohibits the relitigation of all matter which was or could have been litigated in the prior action." *Families Concerned About Nerve Gas Incineration v. U.S. Dept. of the Army*, 380 F.Supp. 2d 1233, 1261 (N.D. Ala. 2005)(quoting *Century 21 Preferred Properties, Inc. v. Alabama Real Estate Comm'n*, 401 So. 2d 764, 768 (Ala. 1981))(internal marks omitted).

Under Alabama law, "[t]he essential elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court fo competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits." *Hughes v. Allenstein*, 514 So. 2d 858, 860 (Ala. 1987). "If these elements are met, any issue that *was or could have been* adjudicated in the prior action is barred from further litigation." *Id.* (citing *Trimble v. Bramco Products, Inc.*, 351 So. 2d 1357 (Ala. 1977)(emphasis in original). This test requires that all four elements must be met in order for an action to be barred by res judicata. See *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990)(citing *Fisher v. Space of Pensacola, Inc.*, 461 So. 2d 790, 792 (Ala. 1984)).

The court turns first to the effect of the state court judgment on Deldar's claims and next turns to the effect of the state court judgment on Bass's claims.

**I. The doctrine of res judicata bars Deldar from maintaining this action in the U.S. District Court for the Northern District of Alabama.**

Deldar's pending action in this court is due to be dismissed because it is barred by the doctrine of res judicata under the four elements of the test articulated in *Hughes v. Allenstein*, 514 So. 2d 858, 860 (Ala. 1987).

Element one of the *Hughes* test is satisfied because Deldar's state court action was dismissed with prejudice. Under Alabama law, "a dismissal with prejudice is an adjudication on the merits." *Gonzales, L.L.C. v. DiVincenti*, 844 So. 2d 1196, 1203 (Ala. 2002)(internal marks omitted). See also *Hart v. Yamaha-Parts Distributors, Inc.,* 787 F.2d 1468, 1470 (11th Cir.1986)(dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise). To the undersigned's knowledge, Deldar has not appealed the state court adjudication; however, such an appeal would have no bearing on the effect of this court's decision on the pending motion to dismiss (doc. 28). An Alabama state court's judgment that is appealed remains a judgment on the merits for res judicata purposes even if an appeal is pending. *Cashion v. Torbert*, 881 So. 2d 408, 414 (Ala. 2003).

The second element of the *Hughes* test is that the judgment was rendered by a court of competent jurisdiction. *Hughes v. Allenstein*, 514 So. 2d 858, 860 (Ala. 1987). In the current case, the Circuit Court of Morgan County, Alabama, has jurisdiction to consider Deldar's federal and state law claims. Under Alabama law, state "courts have the power and duty to adjudicate claims arising under federal law

as well as state law ... and shall exercise general jurisdiction *in all cases* except as may otherwise be provided by law." *Lary v. Flasch Business Consulting*, 878 So. 2d 1158, 1164 (Ala. 2003)(emphasis in original)(internal citations omitted). The Alabama Supreme Court also held that, "courts of this state must accept jurisdiction over claims brought under 42 U.S.C. § 1983, if a § 1983 plaintiff selects a state court as his forum." *Terrell v. City of Bessemer*, 406 So. 2d 337, 340 (Ala. 1981).

Deldar first selected state court as the forum to hear his federal and state law claims arising out of the same set of alleged facts that are presented in the subsequently filed lawsuit in U.S. district court. The state court has competent jurisdiction to hear Deldar's claims. The judgment on the merits by the Circuit Court of Morgan County, Alabama, on Deldar's claims bars Deldar from asserting claims arising from identical alleged facts in this court under the first and second elements of the test in *Hughes*.

Element three of the *Hughes* test is that the parties to the action be substantially identified. *Hughes v. Allenstein*, 514 So. 2d 858, 860 (Ala. 1987). This element is clearly met as to Deldar in that he is the named plaintiff in both the state and federal actions at issue in this opinion and as the Defendants in both actions are identical.

The fourth element of the test articulated in *Hughes*, that the same cause of action is presented in both suits, is also satisfied as to Deldar. *Hughes v. Allenstein*,

514 So. 2d 858, 860 (Ala. 1987). A comparison of the allegations in the state court action and in this federal action reveal that both actions arise out of the same identical set of alleged facts. While this federal action contains federal claims that were not raised in the state court action, "[r]es judicata applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact." *Families Concerned About Nerve Gas Incineration v. U.S. Dept. of Army*, 380 F. Supp. 2d 1233, 1261 (N.D. Ala. 2005). In addition, "[u]nder both Alabama law and federal law, the doctrine of res judicata prohibits the relitigation of all matter which was or could have been litigated in the prior action." *Century 21 Preferred Properties v. Alabama Real Estate Commission*, 401 So. 2d 764, 768 (Ala. 1981).

The claims asserted by Deldar in state and federal court arise "out of the same nucleus of operative fact." *Families Concerned About Nerve Gas Incineration* at 1261. Those claims are barred by res judicata. Therefore, this court must discern whether or not the additional claims brought in the federal court action that were not asserted in the state court action could have been litigated in state court.[3] *Century 21* at 768.

---

[3]The court does not examine the merits of these additional claims. The court will simply determine whether or not the Circuit Court of Morgan County, Alabama, had jurisdiction to hear Deldar's additional claims.

Under Alabama law, state courts have a duty to hear state law claims, federal law claims, and actions brought under 42 U.S.C. § 1983. See *Lary v. Flasch Business Consulting*, 878 So. 2d 1158, 1164 (Ala. 2003); *Terrell v. City of Bessemer*, 406 So. 2d 337, 340 (Ala. 1981).

In both the federal and state court actions, Deldar alleges denial of equal protection and due process under the U.S. Constitution. In the federal court action, Deldar further alleges that he was denied a fair and impartial hearing under the Sixth Amendment to the U.S. Constitution and under 42 U.S.C. § 1983; also, Deldar alleges that he was denied the right to privileges and immunities, specifically the right to travel, under the Fourth Amendment to the U.S. Constitution and under 42 U.S.C. § 1983. The Circuit Court of Morgan County, Alabama, has proper jurisdiction to hear the Sixth Amendment and Fourth Amendment claims asserted through the vehicle of § 1983. See *Lary v. Flasch Business Consulting*, 878 So. 2d 1158, 1164 (Ala. 2003); *Terrell v. City of Bessemer*, 406 So. 2d 337, 340 (Ala. 1981). Under *Century 21* and *Families Concerned About Nerve Gas Incineration*, Deldar's claims brought in federal court under § 1983 could have been brought alongside his claims asserted in the state court action and are therefore barred by the doctrine of res judicata in the action pending before this court.

The elements of the test articulated in *Hughes v. Allenstein*, 514 So. 2d 858,

860 (Ala. 1987), have been met as to all claims asserted by Deldar in this action pending in federal court.[4] Each of Deldar's claims brought in federal court arise "out of the same nucleus of operative fact" as claims asserted in the state court action filed with the Circuit Court of Morgan County, Alabama, are barred by the doctrine of res judicata, and are due to be dismissed with prejudice. *Families Concerned About Nerve Gas Incineration* at 1261.

## II. Bass is bound by the state court adjudication on the merits despite the fact that he was not a named party to that action.

Elements one, two, and four of the *Hughes* test are met as to Bass in an identical fashion as they were met as to Deldar. Accordingly, the court limits its discussion in this section to the third element of the test articulated in *Hughes*, 514 So. 2d 858, 860 (Ala. 1987).

Element three, the "substantial identity of the parties" element, is satisfied as to Bass despite that he was not a party to the state court action. *Id.* "Identity of the parties concerns two sets of persons. The first set is compromised of those persons who were actual parties in the original action ... The second set ... is composed of those persons who are or were in privity with the parties to the original suit." *Families Concerned About Nerve Gas Incineration v. U.S. Dept. of Army*, 380

---

[4]There are no additional state law claims asserted by Deldar in the federal court action that were not raised in the state court action.

F.Supp.2d 1233, 1259-1260 (N.D. Ala. 2005)(quoting *NAACP v. Hunt*, 891 F.2d 1555, 1560-61 (11th Cir. 1990)). "Privity exists where the nonparty's interests were represented adequately by the party in the original suit." *NAACP v. Hunt*, 891 F.2d 1555, 1560-61 (11th Cir. 1990). A judgment on the merits in one action binds, in a separate action, not only the actual parties to the judgment but also those nonparties where the nonparties' interests were represented by a party in the original suit. See *Century 21 Preferred Properties, Inc. v. Alabama Real Estate Commission*, 401 So. 2d 764, 770 (Ala. 1981). Any interest Bass has in this litigation was adequately represented by Deldar in the state court action.

First, Bass has no independent interest in the matters at issue in this case. His interest in this federal action is wholly derivative of Deldar's interest. Deldar contends that the City of Decatur wrongfully refused to rezone his property in violation of his rights under state and federal law. Bass has no ownership interest in the property and no standing to challenge a zoning decision as to the Corner Express.[5]

[5] "In order to have standing to challenge a decision of a zoning board of adjustment, a claimant must be a party aggrieved." *Robinson v. City of Huntsville*, 622 So.2d 1309, 1311 (Ala. Civ. App. 1993)(internal quotations omitted). "To establish oneself as an aggrieved party, a person must present proof of the adverse effect the changed status of the rezoned property has, or could have, on the use, enjoyment and value of his or her own property." *Bastian v. Board of Zoning Adjustment of City of Daphne*, 708 So. 2d 187, 189 (Ala. Civ. App. 1997)(internal quotations omitted). Bass has no ownership interest in either the Corner Express or in the Greyhound Bus franchise nor does he allege that he owns any property adjacent to the Corner Express that is effected by the zoning decision; therefore, he has no standing to challenge the zoning decision.

Bass does not assert that his legal rights were violated by the refusal of the City of Decatur to rezone Deldar's property; rather, Bass claims that, as a customer of Deldar's, he will be negatively impacted by the closing of the bus stop. Thus, any interest Bass has in this litigation rises and falls with the determination of Deldar's rights made by the state court. Because Bass's claims are derivative of Deldar's interests, Bass's claims are barred by the doctrine of res judicata because Deldar adequately represented Bass's interests in the state court action. See *Century 21*, 401 So. 2d at 770.

Second, Deldar was the "laboring oar in the conduct of the litigation." See *Century 21*, 401 So. 2d at 770 (quoting *Montana v. United States*, 440 U.S. 147, 155 (1979)(internal marks omitted)). Deldar filed federal court and state court actions that have been prosecuted by the same attorney and Deldar's attorney represents both Deldar and Bass in this action. In an Order Denying Deldar's Motion to Reconsider (doc. 8), the court took note of the fact that Bass never signed the verification form attached to the First Amended Complaint; however, Deldar verified the First Amended Complaint. Deldar retained central control of the litigation in both forums. *Id.*

Because Bass's interest is "so closely aligned" with that of Deldar, Deldar is considered to have been Bass's "virtual representative" in the state court action thus

binding Bass to the outcome of that case. *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990). Consequently, Bass's claims in federal court are barred by the doctrine of res judicata.

**Conclusion**

For the reasons stated, the Defendants' Motion to Dismiss (doc. 28) is **GRANTED**. A separate order will be entered consistent with this opinion.

**DONE** this 28th day of November, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge